IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA MERINO and ROBIN WEISS, as the guardian ad litem of JESSICA MERINO and DANIEL MERINO, minors,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>Defendant.<br>_____/ | No. C 04-02705 JSW<br><br>**ORDER OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON MAY 13, 2005:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *See* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendant Allstate Indemnity Company's motion for summary judgment and **tentatively DENIES** Plaintiffs Marina Merino and Robin Weiss's motion for summary judgment.

The parties each shall have 15 minutes to address the following questions:

1. As the primary negotiator for the insurance policy for his company, why would it be unreasonable to assume that Mr. Merino was aware that he had purchased a policy to insure his company and its vehicles, and not a policy to cover his personal injuries while not riding in a company vehicle? Is the fact that Mr. Merino secured additional personal insurance coverage indicative of his reasonable expectation that the policy at issue covered only his corporation? If the Court finds that the coverage provision is neither ambiguous nor illusory, does the Court have to reach the question of the reasonableness of Mr. Merino's expectations?

2. In response to Mr. Merino's contention that Paragraph B.1 of the UM/UIM Endorsement is illusory even if Paragraph B.3 is not, does Allstate have any authority for the proposition that if a single provision of the policy is found to be illusory, a subsequent provision may cure the deficiency? Is the analysis regarding illusory coverage more appropriately directed at the whole uninsured motorists provision, or must the Court interpret each subparagraph individually?

3. Do the parties wish to address any other issues?

**IT IS SO ORDERED.**

Dated: May 12, 2005                    /s/ Jeffrey S. White
                                       JEFFREY S. WHITE
                                       UNITED STATES DISTRICT JUDGE