IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARINA MERINO and ROBIN WEISS, as the guardian ad litem of JESSICA MERINO and DANIEL MERINO, minors,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>Defendant. | No. C 04-02705 JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Now before the Court is a motion for summary judgment filed by Defendant Allstate Indemnity Company ("Allstate") and a motion for summary judgment filed by Plaintiffs' Marina Merino and Robin Weiss ("Plaintiffs"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Allstate's motion for summary judgment and DENIES Plaintiffs' motion for summary judgment.

**BACKGROUND**

According to the stipulated facts submitted by both parties, this action raises the sole issue of whether the uninsured/underinsured motorist ("UN/UIM") provisions of an insurance policy issued by Allstate provide coverage for an automobile/bicycle accident that occurred on October 5, 2002. The accident occurred when Frank Merino, husband to plaintiff Marina Merino and father to the minor plaintiffs, Jessica and Daniel Marino, was struck and killed by

1  an automobile driven by an underinsured motorist while he rode a bicycle near Point Reyes,
2  California.  Mr. Merino's heirs settled a wrongful death action against the underinsured driver
3  and received $15,000, the full limits of the only bodily injury liability policy applicable to the
4  vehicle involved in the accident.  Plaintiffs also recovered $235,000 from Allstate under the
5  UM/UIM provisions of Mr. Merino's personal motorcycle insurance policy.

6       At the time of the accident, Mr. Merino was the sole owner, CEO and President of
7  Commercial Facility Services, d.b.a. CFS, Inc. ("CFS").  CFS had acquired insurance coverage,
8  including Uninsured/Underinsured Motorist coverage, with a limit of $400,000.  The policy was
9  in full force and effect on the date of the accident.  Mr. Merino was listed as an employee of
10 CFS on the policy and the named insured on the policy was "Commercial Facility Services,
11 d.b.a. CFS, Inc."  At the time of the accident, Mr. Merino, who was riding a bicycle, was not
12 occupying a covered auto or a temporary substitute for a covered auto.

13      Immediately following an instruction to read the entire policy carefully, the first page of
14 the policy (after the declarations setting forth the company's covered autos) provides in relevant
15 part:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the declarations.

(Stipulation of Undisputed Facts ("Stip.") No. 15, Exh. C at C00006.)  The California Uninsured Motorist Coverage - Bodily Injury provision indicates that coverage includes "all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'  The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.'  The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the 'uninsured motor vehicle.'" (Stip. No. 17, Exh. C at C00042.)  In addition, the uninsured motorist provision detailed who is an insured:

> **B.   Who is an insured**
>
> **1.**   You.
>
> **2.**   If you are an individual, any "family member."

2

  **3.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

  **4.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

(*Id.*)

## ANALYSIS

**A. Legal Standard on Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995) (stating that it is not a district court's task

3

1   to "scour the record in search of a genuine issue of triable fact")). If the non-moving party fails
2   to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477
3   U.S. at 323.

4   Summary judgment is particularly appropriate in cases involving questions of insurance
5   coverage, as the interpretation of an insurance policy is purely a question of law. *See, e.g.*,
6   *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 18 (1995). The party seeking coverage bears
7   the burden of demonstrating coverage, while the insurer has the burden of demonstrating the
8   applicability of an exclusion. *Royal Globe Ins. Co. v. Whitaker*, 181 Cal. App. 3d 532, 537
9   (1986). In this matter, because the parties have stipulated to all material facts, the only issue
10  before the Court is a legal one – whether the uninsured/underinsured motorist provisions of an
11  insurance policy issued by Allstate provide coverage to the named insured, CFS, for an accident
12  suffered by its sole owner, CEO and President. The parties' cross motions cover the same legal
13  ground, and both require that the Court answer that single legal question.

14  **B.     The Policy Is Not Ambiguous.**

15  In opposing Allstate's cross-motion for summary judgment and in their reply on their
16  own motion, Plaintiffs assert that they do not claim that the policy is ambiguous, and instead
17  move and defend on other grounds. (Pls. Opp. at 1; Pls. Reply at 1.) "In the absence of
18  ambiguities, the rights of the parties rest on the insurance contract as written." *Fagundes v.*
19  *American International Adjustment Co.*, 2 Cal. App. 4th 1310, 1316 (1992), *citing Barrett v.*
20  *Farmers Ins. Group*, 174 Cal. App. 3d 747, 752 (1985); *see also Fire Insurance Exchange v.*
21  *Superior Court*, 116 Cal. App. 4th 446, 453 (2004) ("It is error to fail to apply the plain,
22  unambiguous language of an insurance policy.")

23  Because Plaintiffs concede that the policy provision at issue is unambiguous, the Court
24  need not address a clarification of its terms.

25  **C.     The Policy Is Not Illusory.**

26  Plaintiffs instead contend that the UM/UIM provision is illusory because, if it is
27  interpreted as Allstate contends, it fails to provide coverage for bodily injury or death to "you,"
28  CFS, its named insured. Plaintiffs essentially argue that the coverage for "you" in Paragraph

4

B.1 of the UM/UIM provision makes the policy illusory because a corporation cannot sustain bodily injury or death, if "you" refers to the named insured, CFS, Inc., the policy cannot provide the coverage bargained for. Because the corporation cannot collect for personal injuries, Plaintiffs contend the most reasonable analysis requires the coverage to extend to the "only logical target of the promised coverage – the corporation's sole shareholder, Mr. Merino, and, through him, his heirs." (Pls. Motion at 12.)

In order for a policy to be found illusory, the endorsement must provide no coverage at all. In this regard, the Court is counseled against a construction of the contract in which the contracting party receives no benefit whatsoever. *See, e.g., Maryland Casualty Co. v. Breeder*, 221 Cal. App. 3d 961, 978 (1990). Plaintiffs' attempt to parse the provision in subparagraph B.1 of the UM/UIM Endorsement from subparagraph B.3 is unpersuasive. In *AIU Insurance Co. v. Superior Court*, 51 Cal.3d 807, 827-28 (1990), the California Supreme Court unanimously reaffirmed the fundamental rule that one cannot read a policy term in such a way that would render some of its words meaningless. Indeed, "[t]he whole of a contract is to be taken together, as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." *Collin v. American Empire Insurance Co.*, 21 Cal. App. 4th 787, 818 (1994) (citing Cal. Civ. Code § 1641 and *AIU Insurance Co.*, 51 Cal.3d at 828).

In this case, the UM/UIM provisions provide coverage for any person who occupied one of the named insured's covered vehicles. The policy is a commercial auto policy which effectively provides coverage for persons struck by an underinsured motorist while using one of the company's vehicles. Simply because it fails to provide coverage for Mr. Merino when he was not occupying one of the covered vehicles does not render the policy illusory.

**D.     The Definition of the Word "You" Is Not Inconspicuous.**

Although Plaintiffs make a rather circuitous argument relating to the placement of the definition of the disputed term, "You," it is clear from the face of the policy that the term refers to the Named Insured, CFS, Inc. First, the term is not an exclusion or a limitation of coverage. Second, the definition of the term is placed on the very first page of the actual policy (after the declarations setting out the company's covered vehicles), appears in font the same size as the

5

rest of the policy, directly follows the notice to "read your policy carefully," and is clearly defined to refer to "the Named Insured shown in the Declarations." (Stip., Exh. C at C00006.) The explanation of the disputed term is in the very beginning of the actual policy, logically refers to the named insured and therefore does not limit coverage, is not buried in small print or obfuscated by various declarations or attachments, and does not cross-reference other esoteric portions of the policy. *Cf Haynes v. Farmers Insurance Exchange*, 32 Cal.4th 1198, 1207-1211 (2004) (concerning a buried provision limiting coverage promised in the remainder of the policy, the California Supreme Court held that to be enforceable, any insurance policy provision that takes away or limits coverage reasonably expected by an insured must be conspicuous, plain, and clear). The reader cannot assume that the coverage applies to him or her. When reading a commercial auto policy in which the corporation is the named insured, the clearly defined term, "You," cannot reference the reader, even if the reader was the corporation's sole shareholder, CEO and President. The term is not inconspicuous.

### E. Reasonable Expectations.

The doctrine of reasonable expectations is not applicable where the contract is neither ambiguous nor illusory. *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264-65 (1992); *see also State Farm Mutual Automobile Insurance Co. v. Khoe*, 884 F.2d 401, 407 (9th Cir. 1989) (citing *Wolf Machinery Co. v. Insurance Co. of North America*, 133 Cal. App. 3d 324, 328 (1982)).

In addition, Plaintiffs contend that the referral in the policy to the named insured serves as an unexpected provision which has the effect of limiting insurance and nullifies the reasonable expectations of Mr. Merino. However, the authorities relied upon by Plaintiffs for the proposition that an "unexpected provision" must be conspicuous or brought to the potential insured's attention, stand instead for the proposition that "[i]n the case of standardized insurance contracts, exceptions and limitations on coverage that the insured could reasonably expect, must be called to his attention, clearly and plainly, before the exclusions will be interpreted to relieve the insurer of liability or performance." *Underwriters Insurance Co. v. Purdie*, 145 Cal. App. 3d 57, 65 (1983). The Court has found that the UM/UIM endorsement

which provides coverage for "you" is neither an exception nor an exclusion, and therefore Allstate had no obligation to call the provision to Mr. Merino's attention. Also, because the Court has found that the term is not inconspicuous, Allstate has no further obligation to make the terms of its contract clear.

Lastly, it is clear from the undisputed facts that as the primary negotiator for the subject policy for his small company, Mr. Merino was aware that he had purchased a commercial auto policy for the corporation. Also, Mr. Merino had independently purchased from Allstate a personal motorcycle insurance policy which covered UIM limits (albeit for a lesser amount). These facts indicate that Mr. Merino's reasonable expectations were that, as a named insured on his commercial auto policy, his corporation's vehicles would be covered in case of injury with an underinsured motorist and his individual personal injury policy would insure him as an individual should he be injured while not occupying one of his company's vehicles. Therefore, the Court finds that the reasonable expectations concerning the company commercial policy were that it would not have covered an accident of its CEO while riding a bicycle.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Allstate's motion for summary judgment and DENIES Plaintiffs' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: May 16, 2005                              /s/ Jeffrey S. White
                                                JEFFREY S. WHITE
                                                UNITED STATES DISTRICT JUDGE